UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL J. MERRITT

VERSUS

THE DOW CHEMICAL COMPANY
VOLUNTARY GROUP ACCIDENT
INSURANCE PLAN

CIVIL ACTION

NUMBER 07-611-FJP-SCR

**RULING**

This matter is before the Court on the motion of The Dow Chemical Company Voluntary Group Accident Insurance Plan (hereinafter "Dow" or "defendant") for summary judgment.[1] Plaintiff, Michael J. Merritt (hereinafter "Merritt" or "plaintiff"), has filed an opposition to the motion.[2] For the reasons which follow, defendant's motion for summary judgment is granted.[3]

I.   **Factual and Procedural Background**

This case involves a claim under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. No. 20.

[3] In making its ruling, the Court has considered all of the contentions of the parties whether or not specifically discussed in this opinion.

Doc#45142                              1

1974 (hereinafter "ERISA").[4]  Plaintiff was an employee of The Dow Chemical Company and a member of The Dow Chemical Company Voluntary Group Accident Insurance Plan (hereinafter "the Plan").  The plaintiff allegedly sustained an injury as he fell and his back popped while throwing a baseball (hereinafter "baseball injury").  This incident occurred on May 24, 2004, but plaintiff continued to work at Dow until July 4, 2004, which was his last day of employment with The Dow Chemical Company.[5]

Plaintiff has an extensive history of health problems, including back-related injuries, which predate the baseball injury of May 24, 2004.  Plaintiff had three surgeries from 1987 to 1988 for torn rotator cuffs.  Plaintiff also had two separate back injuries in 1999.  The first back injury was due to heavy lifting at work while the second injury resulted from a motor vehicle accident.  It is clear that plaintiff had back problems prior to his baseball injury from plaintiff's statements recorded by Dr. Loupe on June 29, 2004, which state in part: "The patient states that since I last saw him 9/1/99, he has continued to suffer with pain in his lower back, particularly on the right and going into his buttock.  The pain has been getting gradually worse over the

---

[4] 29 U.S.C. § 1001, et. seq.

[5] The parties state that July 4, 2004, was the plaintiff's last day of employment with The Dow Chemical Company, but documents in the administrative record state that July 1, 2004, was plaintiff's last day of employment.  This discrepancy has no bearing on the Court's decision in this case.

years."[6]  Plaintiff's other health problems which were diagnosed by Dr. Loupe following the same June 29, 2004, visit include chronic low back pain, degenerative arthritis of the L4-5 and L5-S1 facet joints, degenerative cysts on the right L4-5 facet joint and on the left of the L1-2 facet joint, spondylosis of the lower thoracic spine, diabetes, severe sleep apnea, severe anxiety, hypertension, and obesity.[7]

Plaintiff filed a claim for permanent total disability benefits with the Plan on January 31, 2005, based on the baseball injury.[8]  His claim was reviewed and denied by the claims administrator on May 4, 2006,[9] for two reasons: 1) the baseball injury does not constitute an accidental injury as interpreted by the Plan, and 2) even if the baseball injury could be considered an accident, it did not cause Mr. Merritt's permanent total disability directly and independently of all other causes.[10]  The record reveals that plaintiff had pre-existing back problems as well as numerous other health problems, all of which existed prior to May

---

[6] Rec. Doc. No. 7, Part 6, Administrative Record, Dow-001526.

[7] *Id.* at Dow-001527.

[8] Plaintiff was advised by defendant that he must be permanently and totally disabled for 12 consecutive months before his claim can be considered.  Therefore, plaintiff re-filed his claim on July 11, 2005.

[9] The administrator of claims for benefits under the plan was AIG Claims Services, Inc.

[10] Administrative Record, Dow-000453-000459.

24, 2004, and are well-documented in the administrative record. The reason the administrator denied that plaintiff's disability claim did not constitute an accident is because "[plaintiff's] fall followed a pop in his back and, therefore, the fall was a "result" of his back condition and not the "cause" of it."[11]  The second reason given by the administrator was based on plaintiff's extensive history of health problems.  In this regard, the claims administrator stated: "according to the many doctors who have seen Mr. Merritt and rendered an opinion on the topic, Mr. Merritt's present situation is the result of numerous health issues, only one of which is back pain."[12]

On November 1, 2006, plaintiff appealed the denial of benefits to the ERISA appeals committee.  On April 18, 2007, the appeals committee affirmed the denial of benefits for the same reasons given by the claims administrator.[13]  After exhausting his administrative remedies, plaintiff filed this lawsuit seeking review of the claims administrator's decision.

**II.  Law and Analysis**

    **A.  Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no

---

[11] *Id.* at Dow-000458.  Emphasis supplied by the Court.

[12] *Id.* at Dow-000459.

[13] *Id.* at Dow-000088-000089.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[15] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[16] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[17]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which

---

[14] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). See also *Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[16] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[17] *Id.* at 1075.

there is a genuine issue for trial.[18]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[19]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[20]  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[21]  Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[22]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

---

[18] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[19] *Little*, 37 F.3d at 1075;  *Wallace*, 80 F.3d at 1047.

[20] *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075). See also *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[21] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995).

[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

summary judgment."[23]

## B. Standard of Review for Denial of Benefits under ERISA

Under ERISA, when the language of an ERISA plan grants discretion to an administrator to interpret the plan and determine eligibility for benefits, a court will reverse an administrator's decision only for abuse of discretion.[24] To avoid reversal on a summary judgment motion, the ERISA administrator's decision must be supported by substantial evidence in the administrative record.[25] Substantial evidence is "that which a reasonable mind might accept as sufficient to support a conclusion."[26] The Court's task is to determine whether the decision of the claims administrator to deny benefits was based upon substantial evidence in the administrative record, or whether the decision was "arbitrary and capricious" so as to constitute an abuse of discretion.[27] The Court's review of this case was limited to the administrative record that existed at

---

[23] *Id.* at 248.

[24] *High v. E-Systems, Inc.*, 459 F.3d 573, 576 (5th Cir. 2006), citing *Meditrust Fin. Servs. Corp v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).

[25] *Id.*, citing *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 273 (5th Cir. 2004).

[26] *Id.*

[27] *Dramse v. Delta Family-Care Disability and Survivorship Plan*, 2008 WL 686597 (5th Cir. 2008)("Abuse of discretion review is synonymous with arbitrary and capricious review in the ERISA context") citing *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002).

the time the review was made by the plan administrator.[28]  The role of the Court is not to second-guess the determination of the claims administrator, but rather, to decide whether there is substantial evidence in the administrative record to support the administrator's factual findings and decision to deny the claim. The Court will now turn to a discussion of the claims administrator's decision and plaintiff's claims and contentions.

### C. Claims Administrator's Decision

The ERISA plan at issue in this case grants the administrator "full and complete discretion to interpret or construe the provisions of the Plan" and "full and complete discretion to make findings of fact and to apply those findings of fact to the provisions of the Plan."[29]  Given this broad grant of discretion, the legal issue before the Court is whether there is sufficient evidence in the administrative record to support the claims administrator's decision to deny plaintiff's claim for benefits under the Plan.  As noted earlier, the claims administrator denied the claim for two reasons: (1) the administrator's interpretation of the Plan language; and (2) the administrator's findings of fact regarding the cause of plaintiff's disability.  Each of these reasons are addressed separately below.

---

[28] *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000).

[29] Administrative Record, Dow-000005.

### 1.     Interpretation of the Plan Language

The claims administrator determined that the baseball injury did not constitute an accident covered by the Plan. The plaintiff argues that this decision was arbitrary and capricious. Plaintiff notes that the term "accident" is not defined within the plan documents. Therefore, plaintiff employs a dictionary definition of the word "accident" to support his argument that the incident on May 24, 2004, that caused his injury should be categorized as an accident.[30]

Though the word "accident" taken in the abstract can be quite broad, the plaintiff readily admits that the claims administrator has wide discretion to interpret the Plan provisions. This discretion includes determining whether an event should or should not be classified as an accident. The issue in this case is not whether plaintiff and defendant agree on whether the baseball injury can be characterized as an accident, but rather whether there is substantial evidence to support the determination of the claims administrator under its discretionary authority provided under the terms of the Plan. Plaintiff's own account of the baseball injury and his history of back-related problems support the defendant's determination that the alleged disability was not the result of an accident. Plaintiff stated that he fell following

---

[30] See Plaintiff's Opposition Memorandum, Rec. Doc. No. 20, pages 3-5.

a pop in his back when he threw a baseball into the air. Therefore, the claims administrator logically determined that plaintiff's back condition was the cause of his fall, and not the result of it.

The Court finds that the claims administrator's decision to deny benefits based on its determination that plaintiff's disability was not caused by an accident does not constitute an abuse of discretion. Because the administrator's decision was based on substantial evidence, its decision was not arbitrary and capricious. The administrator's finding that plaintiff's own account of his baseball injury, as well as plaintiff's medical records showing his pre-existing back condition, are clearly supported by substantial evidence in the record.[31]

### 2. Multiple Causes of Plaintiff's Disability

The Plan defines injury as follows: "'injury' wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force as to the Insured Person and resulting *directly and independently* of all other causes in loss covered by this policy."[32] Plaintiff disputes the administrator's determination that his permanent total disability was not a result of the baseball injury directly and independently of other causes.

---

[31] As noted earlier, the Court is not permitted to second guess the administrator's decision if the decision is supported by substantial evidence in the record.

[32] Administrative Record, Dow-000030 (emphasis added).

Defendant's decision to deny plaintiff's claim for benefits because it was only one of many causes for his alleged permanent and total disability is supported by substantial evidence in the administrative record. Plaintiff's argument is based on his own affidavit statement that "it is his belief that his disability is a result solely of decline in the health of his back that resulted from the injury he suffered while throwing the baseball with his son on May 24, 2004."[33] The Court finds that plaintiff's assertion is insufficient to show that defendant's decision to deny benefits was arbitrary and capricious. Though plaintiff may sincerely hold this belief, the opinions of the medical professionals who examined the plaintiff and his medical history clearly dispute plaintiff's argument.

Dr. Randall Lea conducted an independent medical examination on October 17, 2005, and his report acknowledges plaintiff's extensive medical history.[34] Dr. Lea noted that plaintiff's baseball injury likely aggravated a "significant pre-existing condition in his lumbar spine...."[35] As a part of the administrative appeals process, plaintiff's medical history was reviewed by Dr. Jerrold M. Gorski, an independent physician. Dr.

---

[33] Plaintiff's Opposition Memorandum, Rec. Doc. No. 20, page 5.

[34] Administrative Record, Dow-000524-000531.

[35] *Id.* at Dow-000529.

Gorski issued a report which also concluded that plaintiff's baseball injury was not as significant as plaintiff claimed and that there was no impairment or disability of a permanent nature.[36] Dr. Gorski further stated in his opinion that in the absence of plaintiff's pre-existing health condition, it is highly doubtful that simply falling down on a concrete driveway would be enough to cause any significant impairment or permanency.[37]

Plaintiff's history of medical problems as documented in the administrative record provides significant support for the defendant's decision.  These medical problems and their effect on plaintiff's ability to work in the months prior to May 24, 2004, provide additional evidence that the baseball injury was not the direct and independent cause of plaintiff's disability.  From January 19, 2004, to April 25, 2004, plaintiff was out of work for the entire period of time due to his personal illness.[38]  When plaintiff returned to work, he only worked an average of approximately 25 hours per week from April 26, 2004, to May 23, 2004.[39]  The record also reveals that plaintiff continued to work for approximately six weeks following his baseball injury, totaling

---

[36] *Id.* at Dow-000101.

[37] *Id.*

[38] *Id.* at Dow-000485.

[39] *Id.*

125 hours of work during that period.[40]

## III. Conclusion

The administrative record contains substantial evidence to support the claims administrator's determination that plaintiff's disability was not caused directly and independently from other pre-existing health problems.

In addition, the claims administrator's decision to deny plaintiff's claim for benefits does not constitute an abuse of discretion in this case since its decision is supported by substantial evidence in the administrative record.

Therefore, for the reasons set forth above, Dow's motion for summary judgment is granted and plaintiff's claims are dismissed with prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September 18, 2008.

／s／ Frank J. Polozola
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[40] *Id.*